**Murl W. GARRETT, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 26964

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 22, 1969.

---

**616**

Murl W. Garrett, pro se.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Lester R. Uretz, Chief Counsel, Internal Revenue Service, Washington, D. C., Harry Marselli, Elmer J. Kelsey, Attys., Johnnie M. Walters, Asst. Atty. Gen., Richard M. Roberts, Tax Div. U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

This appeal from a decision of the tax court involves a deficiency in the income taxes for the year 1963 in the amount of $119.40 plus interest. We affirm.

The dispute arose when both of the divorced parents of an infant claimed the child as a dependent for 1963. The tax court concluded that appellant's former wife contributed more than fifty per cent of the child's support for the year 1963, and allowed the dependency exemption accordingly.

Appellant mounts a vigorous attack on the tax court's decision from a factual standpoint. His position is without merit. We must accept the findings of the tax court unless such findings are clearly erroneous. C. I. R. v. Duberstein, 1960, 363 U.S. 278, 290–291, 80 S. Ct. 1190, 4 L.Ed.2d 1218; Estate of Broadhead v. C. I. R., 5 Cir., 1968, 391 F.2d 841, 843; Sas-Jaworsky v. C. I. R., 5 Cir., 1967, 379 F.2d 337, 338; Blueberry Land Co. v. C. I. R., 5 Cir., 1966, 361 F.2d 93, 99. The conclusion reached by the tax court was amply supported by the record as a whole and there the matter ends.

There is no merit whatever in the other assignment of error that the tax court erred in denying a continuance.

Affirmed.